James J. Pisanelli, Esq., Bar No. 4027
JJP@pisanellibice.com
M. Magali Mercera, Esq., Bar No. 11742
MMM@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone:  702.214.2100
Facsimile:   702.214.2101

Seth C. Farber, Esq. (admitted *pro hac vice*)
sfarber@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone:  212.294.4611
Facsimile: 212.294.4700

Joanna R. Travalini, Esq. (admitted *pro hac vice*)
jtravalini@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone 312.853.7000
Facsimile: 312.853.7036

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br>MICHAEL B. ZIPPRICH, AMERICA'S REHAB CAMPUSES, LLC, AMERICA'S REHAB CAMPUSES – ARIZONA, LLC, and ARIZONA REHAB CAMPUS, LLC,<br><br>Defendants. | CASE NO.: 2:20-cv-02308-JCM-DJA<br><br>**STIPULATION AND ORDER TO STAY PROCEEDING**<br><br>**(THIRD REQUEST)** |

Plaintiff United States Securities and Exchange Commission ("SEC") and Defendants Michael B. Zipprich, America's Rehab Campuses, LLC, America's Rehab Campuses – Arizona, LLC, and Arizona Rehab Campus, LLC (collectively "Defendants") (SEC and Defendants are collectively

referred to herein as the "Parties" and individually as "Party"), by and through their undersigned counsel of record, hereby make a third request for an order to stay the proceeding for an additional sixty (60) days to allow the Parties to finalize the necessary settlement paperwork and related documentation.  In support of this request, the Parties state as follows:

1. The Parties have reached a settlement in principle to resolve all matters in controversy between the Parties.  This potential settlement is still subject to a) the Parties agreeing to appropriate documentation and b) approval by the Commissioners of the SEC.

2. On November 24, 2021, the Parties filed a first request to stay the proceeding for sixty (60) days.  (ECF No. 30).  On December 7, 2021, the Court granted the Parties' stipulation to stay the proceeding.  (ECF No. 31).

3. On February 4, 2022, the Parties filed a second request to stay the proceeding to afford the Parties additional time to finalize a settlement (ECF No. 32).  On February 4, 2022, the Parties also filed a Joint Status Report outlining the progress the Parties had made in finalizing a settlement (ECF No. 33).  On February 11, 2022, the Court granted the Parties' stipulation to stay the proceeding. (ECF No. 34).

4. The Parties have reached a settlement in principle and continue to work towards finalizing settlement documentation and complete due diligence.  As part of the settlement in principle, SEC staff agreed to propose a payment plan to the Commission.  In order to proceed with the proposed payment plan, the SEC's Commissioners, who are the only ones that have authority to accept or reject a settlement proposal on behalf of the SEC, require detailed financial information and substantiating documentation going back years to support a feasible payment plan.  This financial information is different from and in addition to financial information Defendants already provided regarding disgorgement calculations.  The Parties need additional time to compile and review this financial information and finalize other settlement documentation.

5. After the Parties finalize the appropriate settlement documentation, the Parties would request a further stay so that the SEC Commissioners could consider a settlement recommendation. The SEC consists of five Commissioners appointed by the President with the advice and consent of the Senate. 15 U.S.C. § 78d(a).  Only the Commissioners, and not the staff of the SEC, have authority to

settle an action filed in federal district court. The process to determine if the Commission will accept the settlement offer can take up to eight weeks.

6.  The SEC has not yet started the internal process of having the Commissioners review the settlement proposal but will do so once settlement documentation is complete. After the Parties finalize the settlement documentation, the Parties may request an additional stay so that the Commissioners can consider the settlement offer.

7.  Before the expiration of the additional sixty-day period requested herein, the Parties will submit to the Court a status report on the progress of finalizing the settlement documentation.

DATED this 12th day of April, 2022.

SECURITIES & EXCHANGE COMMISSION

By: ___/s/ Terry R. Miller_____
  Terry R. Miller, Esq.
  (admitted *pro hac vice*)
  1961 Stout Street, Suite 1700
  Denver, CO 80294

*Attorney for Plaintiff*

DATED this 12th day of April, 2022.

PISANELLI BICE PLLC

By: ___/s/ M. Magali Mercera_____
  James J. Pisanelli, Esq., #4027
  M. Magali Mercera, Esq., #11742
  400 South 7th Street, Suite 300
  Las Vegas, Nevada 89101

  WINSTON & STRAWN LLP
  Seth C. Farber, Esq.
  (admitted *pro hac vice*)
  200 Park Avenue
  New York, NY 10166-4193

  SIDLEY AUSTIN LLP
  Joanna R. Travalini, Esq.
  (admitted *pro hac vice*)
  One South Dearborn
  Chicago, IL 60603

*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

DATED: April 15, 2022

CASE NO.: 2:20-cv-02308-JCM-DJA

3