UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL B. ZIPPRICH,<br><br>AMERICA'S REHAB CAMPUSES, LLC,<br><br>AMERICA'S REHAB CAMPUSES – ARIZONA, LLC,<br><br>and<br><br>ARIZONA REHAB CAMPUS, LLC<br><br>　　　　Defendants. | Case No. 20-cv-02308-JCM-DJA<br><br>**FINAL JUDGMENT AS TO DEFENDANT AMERICA'S REHAB CAMPUSES—ARIZONA, LLC** |

　　The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant America's Rehab Campuses—Arizona, LLC ("**ARC-AZ**" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

　　IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements   made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable on a joint and several basis with Defendants Michael B. Zipprich, America's Rehab Campuses, LLC ("**ARC**"), and Arizona Rehab Campus, LLC ("**ARC-Op**") for disgorgement of $2,876,015.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $507,401.36, and a civil penalty in the

amount of $1,500,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  On a joint and several basis with Defendants Zipprich, ARC, and ARC-Op, Defendant shall satisfy this obligation by paying $4,883,416.36 (the "Fund") to the Commission pursuant to the terms of the payment schedule set forth in paragraph V below after entry of this Final Judgment.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a

Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

On a joint and several basis with Defendants Zipprich, ARC, and ARC-Op, Defendant America's Rehab Campuses—Arizona, LLC shall pay the total of disgorgement, prejudgment interest, and penalty due of $4,883,416.36 in installment payments according to the following schedule:

(1) $625,000.00, within 30 of days of entry of this Final Judgment;

(2) $354,868.03, within 90 days of entry of this Final Judgment;

(3) $354,868.03, within 180 days of entry of this Final Judgment;

(4) $354,868.03, within 270 days of entry of this Final Judgment;

(5) $354,868.03, within 360 days of entry of this Final Judgment;

(6) $354,868.03, within 450 days of entry of this Final Judgment;

(7) $354,868.03, within 540 days of entry of this Final Judgment;

(8) $354,868.03, within 630 days of entry of this Final Judgment;

(9) $354,868.03, within 720 days of entry of this Final Judgment;

(10) $354,868.03, within 810 days of entry of this Final Judgment;

(11) $354,868.03, within 900 days of entry of this Final Judgment;

(12) $354,868.03, within 990 days of entry of this Final Judgment; and

(13) $354,868.03, within 1080 days of entry of this Final Judgment.

All payments shall be transmitted to Geoff Winkler of American Fiduciary Services LLC, who the Court has appointed as a funds trustee for all funds to be paid pursuant to this Final Judgment ("Funds Trustee"). Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds

and no part of the funds shall be returned to Defendant.

Payments shall be deemed made on the date they are received by the Funds Trustee and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, America's Rehab Campuses—Arizona, LLC shall contact the Commission staff for the amount due for the final payment.

If America's Rehab Campuses—Arizona, LLC fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: June 29, 2030.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE