UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>MICHAEL B. ZIPPRICH,<br><br>AMERICA'S REHAB CAMPUSES, LLC,<br><br>AMERICA'S REHAB CAMPUSES – ARIZONA, LLC,<br><br>and<br><br>ARIZONA REHAB CAMPUS, LLC<br><br>　　　　　　Defendants. | Case No. 20-cv-02308-JCM-DJA<br><br>**FINAL JUDGMENT AS TO DEFENDANT ARIZONA REHAB CAMPUS, LLC** |

　　　The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Arizona Rehab Campus, LLC ("**ARC-Op**" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

　　　IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5(a) and (c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable on a joint and several basis with Defendants Michael B. Zipprich, America's Rehab Campuses, LLC ("**ARC**"), and America's Rehab Campuses—Arizona, LLC ("**ARC-AZ**") for disgorgement of $2,876,015.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $507,401.36, and a civil penalty in the amount of $1,500,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. On a joint and several basis with Defendants Zipprich, ARC, and ARC-AZ, Defendant shall satisfy this obligation by paying $4,883,416.36 (the "Fund") to the Commission pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related

3

Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IV.

On a joint and several basis with Defendants Zipprich, ARC, and ARC-AZ, Arizona Rehab Campus, LLC shall pay the total of disgorgement, prejudgment interest, and penalty due of $4,883,416.36 in installment payments according to the following schedule:

(1) $625,000.00, within 30 of days of entry of this Final Judgment;

(2) $354,868.03, within 90 days of entry of this Final Judgment;

(3) $354,868.03, within 180 days of entry of this Final Judgment;

(4) $354,868.03, within 270 days of entry of this Final Judgment;

(5) $354,868.03, within 360 days of entry of this Final Judgment;

(6) $354,868.03, within 450 days of entry of this Final Judgment;

(7) $354,868.03, within 540 days of entry of this Final Judgment;

(8) $354,868.03, within 630 days of entry of this Final Judgment;

(9) $354,868.03, within 720 days of entry of this Final Judgment;

(10) $354,868.03, within 810 days of entry of this Final Judgment;

(11) $354,868.03, within 900 days of entry of this Final Judgment;

(12) $354,868.03, within 990 days of entry of this Final Judgment; and

(13) $354,868.03, within 1080 days of entry of this Final Judgment.

All payments shall be transmitted to Geoff Winkler of American Fiduciary Services LLC, who the Court has appointed as a funds trustee for all funds to be paid pursuant to this Final Judgment ("Funds Trustee"). Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Payments shall be deemed made on the date they are received by the Funds Trustee and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Arizona Rehab Campus, LLC shall contact the Commission Staff for the amount due for the final payment.

If Arizona Rehab Campus, LLC fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

    (a)    <u>Retention of New Management for ARC-Op</u>. Within fourteen (14) days after the date of the Final Judgment, Defendant shall take such actions as are necessary to install a new manager of ARC-Op not unacceptable to the staff of the Commission, or, if a manager other than Defendant Zipprich has been installed as manager of ARC-Op prior to the date of the Final Judgment, to confirm that such new manager is not unacceptable to the staff of the Commission. To comply with this provision, the new manager must have

final and ultimate control over all finances and business decisions of ARC-Op, including but not limited to control over all expenditures and payments pursuant to the payment plan set forth in the Final Judgment and payments to ARC-Op equity owners. The new manager may not be removed without the written consent of the staff of the Commission or by Order of the Court.

(b) <u>Retention of Independent Compliance Monitor</u>.  Within fourteen (14) days after the date of this Final Judgment, Defendant shall take such actions as are necessary to engage a compliance monitor not unacceptable to the staff of the Commission ("Monitor") and in compliance with the following terms:

1. The Monitor will focus on protecting the interests of persons who have invested in or purchased securities from Defendants, and any subsidiaries and affiliates ("Investors").

2. Defendant will take such actions as are necessary to provide the Monitor access to ARC-Op's books, records, and all financial information.

3. Within thirty (30) days of the Monitor's engagement, the Monitor will report to the Commission staff in writing to describe the Monitor's access to ARC-Op's records, the cooperation of Defendants, and ARC-Op's plan to comply with the payment plan set forth in the Final Judgment and Defendant's obligations to ARC-RE.

4. Within thirty (30) days after the end of each calendar quarter, report to the Commission staff in writing concerning (i) the progress made by Defendants to pay amounts owed under the Final Judgment and to ARC-RE, (ii) the ability of ARC-Op to continue as a profitable business and to remain in compliance with the Final Judgment including the payment plan set forth in the Final Judgment; and (iii) the level of cooperation provided by

Defendants and any interference or obstacles to the Monitor's work or access to information about ARC-Op.

5. The Monitor will cooperate with Commission and its staff and any receiver appointed by the Court in this matter or any other civil action brought by the Commission and arising out of the same facts as the Complaint in this matter, and the Monitor will not oppose any petition for appointment of a receiver over ARC-Op filed by the Commission for any reason.

6. If the Monitor resigns or is otherwise unwilling or unable to perform the Monitor's responsibilities, Defendant shall take such actions as are necessary to engage a replacement Monitor not unacceptable to the staff of the Commission within thirty (30) days of the Monitor's resignation or cessation of performance of duties.

7. The Monitor's compensation and expenses shall be borne exclusively by Defendants.

(c) The provisions above for Retention of New Management (paragraph 3(a)) and Retention of Independent Compliance Monitor (paragraph 3(b)) shall remain effective until Commission staff confirms in writing to ARC-Op that (i) the full amount of the monetary portion of the judgment has been satisfied and (ii) Defendant is otherwise in compliance with the Final Judgment.

(d) No later than (i) ten (10) days following the date of the new manager's engagement or (ii) ten (10) days after the date of the Final Judgment, whichever is later, Defendant shall provide the Commission staff with a copy of the engagement letter detailing the new manager's responsibilities and powers as set forth in the Final Judgment.

(e) No later than ten (10) days following the date of the Monitor's engagement, Defendant shall provide the Commission staff with a copy of the engagement

    (f)  Certify, in writing, compliance with the undertaking set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Ian S. Karpel, Assistant Regional Director, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

  If Defendant fails to comply with any of the agreements set forth in this paragraph V, the Commission may petition the Court for the appointment of a receiver over ARC-Op, which Defendant will not oppose. Defendant will also not oppose any petition for appointment of a receiver over ARC-Op filed by the Commission based on the failure of any other defendant in this action to comply with agreements set forth in their consents and judgments. The provisions of this paragraph imposing obligations upon Defendant shall be binding upon any successor-in-interest to Defendant unless modified by the Commission in writing or by Order of the Court.

VI.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: June 29, 2023.

_____
UNITED STATES DISTRICT JUDGE